UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL YOCHEM, | ) CASE NO. EDCV 11-897-RGK (PJW) |
| Petitioner, | ) ORDER TO SHOW CAUSE WHY PETITION |
| v. | ) SHOULD NOT BE DISMISSED |
| DAPO/CDCR/BPH, | ) |
| Respondents. | ) |

On June 10, 2011, Petitioner filed a Petition for Writ of Habeas Corpus, in which it appears that he is seeking to challenge the April 2011 revocation of his parole. (Petition at 2, 3.) In the Petition, he claims that his requests to subpoena a favorable witness and to have his urine sample retested were improperly denied. He also alleges that he was denied the opportunity to cross-examine the arresting parole agent. (Petition at 3-4.)

As a matter of comity between state and federal courts, a federal court generally will not address the merits of a habeas corpus petition unless the petitioner has first exhausted his state remedies, i.e., sought state court review of every ground presented in the petition by presenting it to the highest state court. *Rose v. Lundy*, 455 U.S. 509, 518-22 (1982). Indeed, the law governing habeas

petitions provides that a habeas petition brought by a person in state custody *cannot be granted* "unless it appears that--(A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). To exhaust state remedies, a petitioner must fairly present his contentions to the state courts, and the highest court of the state must dispose of them on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844-45 (1999).

In his Petition, Petitioner states that he raised his claims in an appeal filed in the San Bernardino County Superior Court, but did not seek review in the California Supreme Court. (Petition at 5, 6.) A check of the state appellate court website, at http://appellatecases.courtinfo.ca.gov, confirms that he has not presented these claims in a petition for review or in a habeas petition in the California Supreme Court. Thus, it appears that the Petition is completely unexhausted and is subject to dismissal on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006). Petitioner must first present his claims to the state supreme court, either through direct appeal or in a petition for habeas corpus, and have that court decide them on their merits before he can proceed in this Court.

IT IS THEREFORE ORDERED that, no later than July 18, 2011, Petitioner shall inform the Court in writing why this case should not be dismissed for failure to exhaust. Failure to timely file a

response will result in a recommendation that this case be dismissed without prejudice to refiling once he has exhausted his claims.

DATED: June ___17_____, 2011

/S/ PATRICK J. WALSH
_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\YOCHEM, M 897\OSC dismiss pet.wpd

3